UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4607

ERIC DEMETRIUS HUZZEY, a/k/a Eric
D. Mobley, a/k/a Pop,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-96-261-PJM)

Submitted: June 9, 1998

Decided: June 30, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Arcangelo M. Tuminelli, Baltimore, Maryland, for Appellant. Debo-
rah A. Johnston, OFFICE OF THE UNITED STATES ATTORNEY,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Appellant Eric Demetrius Huzzey of one count each of conspiracy to possess with intent to distribute and to distribute crack cocaine and possession with intent to distribute cocaine and two counts of distributing crack cocaine. Huzzey's counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging whether the district court erroneously allowed a Government witness to testify about a statement made by Huzzey, whether Huzzey was entitled to an adjustment in his base offense level pursuant to USSG § 3B1.2[1] because he was a minor participant in the conspiracy, and whether the district court erroneously calculated the amount of drugs attributable to Huzzey. Finding no reversible error, we affirm.

Huzzey was part of a conspiracy which distributed crack cocaine from the sportswear shop where he worked. The record shows that Huzzey made several direct sales of crack cocaine and facilitated numerous others. Officers arrested the conspirators after one of the "customers" was arrested and agreed to cooperate with authorities.

At trial, one of the investigators testified, over defense objection, that Huzzey told the investigator that his name was "Pop" while he was being booked. Huzzey alleges that this testimony should have been suppressed because the Government violated Fed. R. Crim. P. 16(a)(1)(A) by failing to notify the defense of the statement prior to trial.[2] We disagree. Rule 16 only requires the Government to disclose defendants' statements made in response to interrogation, and it is well settled that routine booking questions, such as asking a defendant's name, which are not intended to elicit incriminating responses

_____

**1** <u>U.S. Sentencing Guidelines Manual</u> (1995).
**2** Huzzey alleges that the error was material because the defense theory at trial was that the police arrested the wrong person.

2

do not amount to interrogation. See Pennsylvania v. Muniz, 496 U.S. 582, 600-02 (1990); United States v. D'Anjou, 16 F.3d 604, 608-09 (4th Cir. 1994). In the present case, there is nothing in the record suggesting that police intended to elicit an incriminating response when they asked Huzzey for his name.

We reject Huzzey's assertion that the district court should have given him a downward adjustment to his base offense level pursuant to USSG § 3B1.2 because he was a minor participant in the conspiracy. The district court's determination concerning Huzzey's role in the offense is factual in nature and is reviewed for clear error. United States v. Arnoldt, 947 F.2d 1120, 1128 (4th Cir. 1991). In addition, the burden was on Huzzey to show that he was entitled to the adjustment, and we find that Huzzey failed to meet this burden. See United States v. Gordon, 895 F.2d 932, 935 (4th Cir. 1990). The record shows that Huzzey sold crack cocaine on several occasions, both on his own and for his employer. He also facilitated numerous other transactions. As a result, we agree with the district court's finding that Huzzey was more than a minor participant and find that the court's decision not to grant the adjustment was not clearly erroneous.

Finally, we review the district court's factual determination concerning the amount of drugs attributable to Huzzey for clear error and find none here. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. #6D6D 6D#, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398); D'Anjou, 16 F.3d at 614. As a member of a conspiracy, Huzzey was accountable for all of the drugs reasonably foreseeable to him. See United States v. Irvin , 2 F.3d 72, 78 (4th Cir. 1993); United States v. Gilliam, 987 F.2d 1009, 1012-13 (4th Cir. 1993). As discussed above, the record shows that Huzzey was involved in numerous drug transactions, either directly or indirectly. The probation officer attributed over 4000 grams of crack cocaine to Huzzey as a result of these transactions, and Huzzey failed to present any evidence, beyond mere conclusory allegations, to dispute these findings. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (defendant bears the burden of showing that the information in the presentence report is inaccurate; mere objections are insufficient).

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal.

3

The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Huzzey's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4